**BRYAN T. DAKE**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: 406-657-6101**
**Fax: 406-657-6058**
**Email: bryan.dake@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 22-145-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | |
| **LOY MATTHEW BRYANT,** | **SENTENCING MEMORANDUM** |
| **Defendant.** | |

### INTRODUCTION

Loy Matthew Bryant, then 48-years-old, engaged in an ongoing sexual

relationship with a 14-year-old boy, John Doe.  The defendant sexually abused

Doe between 2018 and 2022. The defendant's conduct in this case is troubling because he not only took advantage of a young boy, but he also took advantage of someone who trusted him. As an adult, he placed himself in this position of exploiting a minor for his own sexual gratification.

A sentence of twenty-two months of imprisonment, followed by a ten-year period of supervised release, is warranted based on the seriousness of the offense, the need for just punishment, and the need to protect the public.

## ARGUMENT

On March 2, 2023, Bryant pled guilty to sexual abuse of a minor without a plea agreement. PSR ¶ 3.[1] The total offense level is 15. *Id*. at 31. The Presentence Investigation Report ("PSR") established a criminal history score of 0 and a criminal history category of I. *Id*. at 36-37. As such, the PSR has a calculated guideline range of imprisonment for the offense of 18 to 24 months. *Id*. at 95.

---

[1] At the March 2, 2023 change of plea hearing, Judge Cavan determined there was insufficient factual basis to support a plea to Count 2 of the Indictment, abusive sexual contact. PSR ¶ 3. This offense carries a lesser maximum punishment from the offense of conviction for Mr. Bryant and given that the conduct is related to the same victim, there is no impact on the guidelines. The government anticipates filing a motion to dismiss Count 2 in advance of sentencing or at the sentencing hearing.

For reasons stated below, the government is requesting a guideline sentence of twenty-two months of imprisonment, ten years of supervised release, and a $100 special assessment.

## I.      Offense conduct

On September 19, 2022, John Doe, then 17-years-old, was interviewed by law enforcement and disclosed that a family member started sexually abusing him when Doe was in the sixth grade, around the age of 14. PSR ¶ 8. Doe stated he was first sexually abused when Bryant called Doe into the bathroom and asked him to pull up Bryant's pants and underwear. *Id*. Doe advised the abuse progressed from Bryant showing Doe his penis, to having Doe touch and rub Bryant's penis, to oral and penile penetration. *Id*. at 10. There were other incidents in which Bryant would have Doe put a white, vibrating toy inside Bryant while Doe was at Bryant's residence. *Id*. at 12.

Doe would endure the abuse every couple of months, although there was a year or two where the abuse occurred every four months. *Id*. at 14. The abuse occurred at various locations on the Northern Cheyenne Indian Reservation.

## II.      Sentencing analysis

Section 3553(a) of Title 18 of the United States Code contains prefatory

language — "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forward additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1), (3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4), (5), (6). Finally, the Court should consider "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7).

## III.     Sentencing recommendation

Bryant's deviant behavior in this case relates to his long-running sexual abuse of a relative.  This was not an isolated incident, but rather a case of ongoing abuse by Bryant.  Simply put, this sort of conduct cannot be tolerated.  Children, especially children of one's own family, should not be subjected to the preying behavior from an individual like Bryant.  It is clear from the description of the conduct that the abuse escalated over time, but one issue remained consistent: Bryant continually took advantage of a young boy. This conduct is serious and just punishment is appropriate.

While Bryant does not have a scored criminal history, he has a very lengthy tribal court history with convictions varying from intoxication and drug abuse to domestic abuse and assault.  *Id*. at 38-61.  Prior to this offense, Bryant's most recent offense was in 2013. But, his criminal history highlights his substance abuse issues and need for treatment.  Bryant's substance use problems date back to the 1980s, but Bryant did report a history of substance abuse treatment and noted some periods of sobriety, including "nine years straight" during his marriage.  Doc. 30 at 6.

A sentence of imprisonment will remove Bryant from society while providing opportunities to receive the help he needs to stop this pattern of sexual and substance abuse. The sentence should provide mental health and substance abuse treatment for the defendant. Successful participation in these treatment programs are important, not only for his integration back into the community, but also to protect the public.

## CONCLUSION

The government believes a sentence of twenty-two months incarceration and seven years of supervised release adequately address all sentencing considerations and is sufficient, but not greater than necessary.

DATED this 27th day of June, 2023.

JESSE A. LASLOVICH
United States Attorney

*/s/ Bryan T. Dake*
BRYAN T. DAKE
Assistant U.S. Attorney